BEFORE THE ALASKA OFFICE OF ADMINISTRATIVE HEARINGS
ON REFERRAL BY THE COMMISSIONER OF THE DEPARTMENT OF HEALTH
AND SOCIAL SERVICES

In the matter of: )
)
█████████████, )
) OAH No. 17-1192-MDS
)

## DIVISION'S PREHEARING BRIEF

The State of Alaska, Department of Health and Social Services, Division of Senior and Disabilities Services (Division), hereby files this brief to assist the Office of Administrative Hearings (OAH) with the issues raised by the Commissioner's office on remand. The OAH has been asked to consider the arguments being raised in ████ ████████ Proposal For Action; so these issues are addressed.

**1. A group home is not an institution, and it is a waiver service.**

An institution for purposes of 7 AAC 130.260 does *not* include assisted living homes, group homes, and foster homes. This was addressed on page 3 of the proposed decision, and that logic should stand. All residential settings allowed as part of a waiver are considered to be community based. Group home, specifically, is a service under 7 AAC 130.265(f).

The purpose of home and community-based waiver services is to allow an individual who would otherwise need the level of care provided in an institution to receive necessary services in their community.[1] The State of Alaska currently offers

---
[1] 7 AAC 130.200.

EXHIBIT 12
Page 1 of 4
Case 1:18-cv-00008-HRH Document 5-3 Filed 06/27/18 Page 1 of 4

these 'waivers' to four categories of individuals.[2] Each type of 'waiver' defines the type of institutional care that the individual must require in order to be eligible for that waiver.[3] The option of a waiver allows that individual to remain in their community (which includes group homes) instead of at the institution *that the particular waiver is designed for*.[4] Therefore, it is only logical to interpret 7 AAC 130.260's reference to institutionalization to refer to that institution that the individual is choosing to avoid by choosing home and community-based services.

In this case, ▓▓▓▓▓ is enrolled in the waiver for individuals with intellectual and developmental disabilities under 7 AAC 130.205(d)(3). This means that the department has found that he meets the level of care that would be provided in an ICF/IID (Intermediate Care Facility for Individuals with Intellectual Disabilities). Thus, the relevant question in this case is whether ▓▓▓▓▓ needs more than 12 hours per week of day habilitation services in order to keep him out of an ICF/IID. bThe proposed decision finds that he does not. Therefore, it is the Division's position that the proposed decision should remain as is on this point.

**2. It is outside the scope of a final agency decision to address issues regarding whether the state regulation is in violation of federal regulation.**

---

[2] 7 AAC 130.205.

[3] 7 AAC 130.205(d)(1)-(4) (these include an acute care hospital; the level of care provided in a nursing facility; and the level of care provided in an ICF/IID, or Intermediate Care Facility for Individuals with Intellectual Disabilities).

[4] 7 AAC 130.200.

*ITMO: M.P.*
Division's Prehearing Brief

OAH No. 17-1192-MDS
Page 2 of 3

EXHIBIT 12

Case 1:18-cv-00008-HRH   Document 5-3   Filed 06/27/18   Page 2 of 4

"[T]he scope of the administrative law judge's review is limited to ascertaining whether the laws and policies have been properly applied in the case according to the record as it existed at the time the initial decision was made."[5] The scope of the authority of the final agency decision thus does not extend to deciding whether a particular state law violates federal law. Such questions are solely given to the authority of a superior court.[6]

3. **Even if it were within the scope of an agency decision, the state regulation does not violate federal law.**

None of the federal laws cited are applicable in this context to bar the Division from setting a cap on the service of day habilitation at 12 hours per week. The Rehabilitation Act relates to employment for people disabilities. The first citation from the Americans with Disabilities Act is in Congress' findings and does not confer a right to any particular service nor an amount desired by the recipient. It is unclear what the second citation to the ADA refers to given the information provided, but it appears to involve the responsibility of a school system for children.

DATED: February 22, 2018.

JAHNA LINDEMUTH
ATTORNEY GENERAL

By: *[signature]*
Elizabeth J. Smith
Assistant Attorney General
Alaska Bar No. 1012118

---

[5] 7 AAC 49.170.

[6] Alaska Statute 22.10.010.

ITMO: M.P.
Division's Prehearing Brief

OAH No. 17-1192-MDS
Page 3 of 3

EXHIBIT 12
Case 1:18-cv-00008-HRH Document 5-3 Filed 06/27/18 Page 3 of 4

BEFORE THE ALASKA OFFICE OF ADMINISTRATIVE HEARINGS
ON REFERRAL BY THE COMMISSIONER OF THE DEPARTMENT OF HEALTH
AND SOCIAL SERVICES

In the matter of: )
)
) OAH No. 17-1192-MDS
)

## CERTIFICATE OF SERVICE

I certify that on February 22, 2018, true and correct copies of the *Division's Prehearing Brief* and this *Certificate of Service* were served via USPS Mail, First Class on the following:

 

*a courtesy copy was faxed to:*
Conduent State Healthcare
Fax: (907) 644-8126

Rebecca Garcia
Law Office Assistant